KAVANAUGH, Circuit Judge,
concurring in the judgment:
The Department of the Army is a military department, and it is therefore an agency subject to the Privacy Act. See 5 U.S.C. §§ 552(f)(1), 552a(a)(l); 10 U.S.C. § 101(a)(8). The Army is defined to include “reserve components” under “the control or supervision” of the Secretary. See 10 U.S.C. § 101(a)(6). The statutory list of reserve components includes the “Army National Guard of the United States,” which is a federal entity under the control or supervision of the Secretary. *1054 § 10101(1). The Army National Guard of the United States is in turn defined to include the “federally recognized units and organizations” of the state National Guards. § 10105.
The question in this appeal concerns one of those state National Guards, the Vermont Army National Guard. It is subject to the federal Privacy Act if it is either (i) itself a “reserve component” of the Army “under the control or supervision” of the Secretary of the Army or (ii) a “federally recognized unit or organization” of the Army National Guard of the United States.
The Vermont Army National Guard is not itself a “reserve component” of the Army under the control or supervision of the Secretary. The statute lists the seven specific entities that qualify as reserve components of the armed forces. They are the Army National Guard of the United States, the Air National Guard of the United States, the Army Reserve, the Navy Reserve, the Marine Corps Reserve, the Air Force Reserve, and the Coast Guard Reserve. § 10101(1). The statute does not list state National Guards as reserve components. Even assuming ar-guendo that the Vermont Army National Guard were a reserve component of the federal Army, it is not under the “control or supervision” of the President, Secretary of Defense, or Secretary of the Army, except in those rare circumstances when a state Guard itself is federally called forth for domestic purposes under the Militia Clause. See U.S. Const, art. I, § 8, cl. 15 (empowering Congress to provide for “calling forth the Militia to execute the Laws of the Union, suppress Insurrections and repel Invasions”); 10 U.S.C. §§ 331-33, 12406. The majority opinion does not dispute the conclusion that the Vermont Army National Guard is not itself a reserve component of the Army under the control or supervision of the Secretary.
The trickier question in this case is whether the Vermont Army National Guard is a federally recognized unit or organization of the Army National Guard of the United States. The plaintiff alleges that it is — albeit without citations or support. I am dubious.
The Army National Guard of the United States is an umbrella federal entity that was created in 1933 as part of a federal-state effort to work around Militia Clause limits on federal use of state National Guards. The goal was to authorize federal use of state National Guard units not just for the domestic purposes specified by the Militia Clause but also for foreign wars. Under this arrangement the states ensure, in return for federal funding, that state Guard units and members become part of both the state Guard and the federal Army National Guard of the United States. This allows the Federal Government to quickly activate Guard units — as units — and deploy them into foreign wars, as exemplified by the many Guard units that have been activated and continue to serve in Iraq and Afghanistan. See generally Perpich v. Department of Defense, 496 U.S. 334, 110 S.Ct. 2418, 110 L.Ed.2d 312 (1990); Frederick Bernays Wiener, The Militia Clause of the Constitution, 54 Harv. L.Rev. 181, 205-10 (1940).
To implement this federal-state cooperative effort, the members of each state’s Army National Guard are also members of the federal Army National Guard of the United States. In addition, individual units of each state’s National Guard — such as the 86th Infantry Brigade Combat Team of the Vermont Army National Guard — are also federally recognized units of the Army National Guard of the United States and can be ordered into active federal status in wartime.
Even though they share members and units, each state’s Army National Guard *1055 and the federal Army National Guard of the United States remain “distinct organizations” — the one commanded by the state’s Governor, the other commanded by the President of the United States. Perpich, 496 U.S. at 345, 110 S.Ct. 2418.
The plaintiff here therefore appears to be legally and factually incorrect when he asserts that the Vermont Army National Guard is itself “a federally recognized Army National Guard unit.” Appellant’s Br. at 33 (emphases added). Consistent with the principle that the federal Army National Guard of the United States and the state Guard are separate entities that share units and members, the federal recognition process seems to envision federal recognition of units and organizations within a state’s Guard, but not of the entire state Guard as an entity. See, e.g., Organization and Federal Recognition of Army National Guard Units, Nat’l Guard Reg. 10-1 § 2-2, at 5-6. To be sure, it is conceivable that the Vermont Army National Guard as an entity in fact has been federally recognized and is thus itself part of the Army National Guard of the United States. But that seems somewhat unlikely given the governing legal structure and the apparent practice. Cf. National Guaed AlmaNAC 2001 141-44 (listing “Major Army National Guard Units” not including any state National Guards); United States Army Website, Organization, Units and Commands (listing “National Guard Units” not including any state National Guards).
In any event, the parties have offered no information beyond the plaintiffs allegation about whether the Vermont Army National Guard is a federally recognized unit or organization of the Army National Guard of the United States — or, more to the point, about whether the person in the Vermont Army National Guard who allegedly disclosed information about the plaintiff in violation of the Privacy Act was part of a federally recognized unit or organization of the Army National Guard of the United States. If the Government produces evidence that the person who allegedly disclosed the information was not part of a federally recognized unit or organization of the Army National Guard of the United States, it presumably could prevail on a summary judgment motion.* I agree with the majority opinion, however, that the plaintiffs complaint cannot be dismissed on this sparse record at the motion to dismiss stage.
I respectfully concur in the judgment.

 The Government also suggests that, for Privacy Act purposes, a federally recognized state Guard unit is part of the federal Army National Guard of the United States only when the unit is ordered into active federal duty. But as the majority opinion concludes, there is no statutory support for that broad-brush theory: Under the statutory scheme, a federally recognized unit or organization of the Army National Guard of the United States is always part of the Army National Guard of the United States — and the Army National Guard of the United States in turn is a reserve component of the Army under the control or supervision of the Secretary.